Lina Baroudi, Cal. Bar No. 269610
Law Office of Lina Baroudi
2680 S. White Rd., Ste. 151
San José, CA 95148-2079
Telephone: (408) 300-2655
lina@linalaw.com

Waleed Naser*
Naser Immigration Law, LLC
155 N. Wacker Dr., Suite 4250
Chicago, Illinois 60606
Telephone: (872) 265-8490
waleed@naserlegal.com

Amber Qureshi*
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Telephone: (443) 583-4353
amber@qureshilegal.com

* *Pro Hac Vice* application forthcoming

*Attorneys for Plaintiff Tides Center,
on behalf of its Arab Resource and Organizing Center project*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIDES CENTER, on behalf of its Arab Resource and Organizing Center project, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendant. | No. _____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552, *et seq.*, to compel the Defendant, the U.S. Citizenship and Immigration Services (USCIS), to immediately process and produce agency records that have been improperly withheld from the Arab Resource and Organizing Center (AROC), a fiscally sponsored project of Plaintiff Tides Center. AROC's FOIA request seeks records related to humanitarian parole processing for Palestinian applicants. *See* Declaration of Amber Qureshi (Qureshi Decl.) at Exhibit ("Exh.") A (AROC's FOIA Request, dated Jan. 27, 2025).

2. AROC submitted a FOIA request to USCIS on January 27, 2025, seeking aggregate data and policies related to humanitarian parole applications, particularly as they pertain to Palestinians, as well as USCIS's coding practices for Palestinian country of citizenship and/or birth. AROC sought a waiver of fees. *See id.* at Exh. A.

3. To date, despite the urgent public interest and humanitarian context underlying the request, USCIS has failed to make a determination on AROC's request, comply with statutory deadlines, adjudicate the fee waiver request, and provide the requested records.

4. AROC respectfully asks this Court to enjoin USCIS from withholding requested records, order USCIS to release improperly withheld records without further delay, and grant declaratory relief.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. §§ 1331.

6. The Court has authority to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202.

7. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because this is a civil action in which Defendant is a federal agency, there is no real property involved in this action, and Plaintiff resides and has its principal place of business in this District.

8. Because Defendant USCIS has failed to comply with the time limits imposed by FOIA, thus constructively denying AROC's request, AROC has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i). AROC is therefore entitled to seek relief directly from this Court. 5 U.S.C. § 552(a)(4)(B).

## DIVISIONAL ASSIGNMENT

9. Pursuant to Local Rule 3-2(c) and (d), assignment to the San Francisco division is proper because Plaintiff is headquartered in San Francisco.

## PARTIES

10. Plaintiff **Tides Center** is a non-profit public charity organization under Internal Revenue Code Section 501(c)(3) that offers fiscal sponsorship to over 160 projects. Plaintiff files this suit on behalf of one of its fiscally sponsored projects, the Arab Resource and Organizing Center (AROC), a grassroots organization based in San Francisco, California. AROC provides legal, educational, and organizing support to Arab and Muslim communities in the Bay Area and nationally. Project Immigration Justice for Palestinians (Project IJP) is a project of AROC and a nonprofit initiative that connects Palestinian families with pro bono immigration legal assistance. Project IJP is committed to transparency and advocacy regarding U.S. immigration policy as it affects Palestinians. Plaintiff Tides Center's main office and the fiscally sponsored project's principal place of business are both located in San Francisco, California

11. Defendant **U.S. Citizenship and Immigration Services (USCIS)** is a component of the Department of Homeland Security (DHS), a department of the Executive Branch of the United States government. USCIS is responsible for administering immigration adjudications, including humanitarian parole applications. USCIS is an agency within the meaning of 5 U.S.C. § 552(f)(1) and maintains the records sought in AROC's FOIA request.

## FACTUAL BACKGROUND

12. On January 27, 2025, AROC submitted a FOIA request through the USCIS online FOIA portal, seeking specific statistical and policy records concerning humanitarian parole applications, internal guidance on adjudicating such applications, and USCIS coding practices for Palestinians. *See* Qureshi Decl. at Exh. A.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
2

13.     Specifically, AROC requested the following records, documents, and/or information which were prepared, received, transmitted, collected, and/or maintained by USCIS from April 5, 2022, to the date that the information is provided:

(1) Aggregate Humanitarian Parole Data for All Nationalities
   (a) Aggregate data or statistics related to humanitarian parole applications filed since April 5, 2022, including but not limited to data or statistics on the number of humanitarian parole applications received, approved, issued requests for evidence, denied, and still pending, broken down by country of citizenship and location of the intended beneficiary.
   (b) Aggregate data or statistics related to the total amount of filing fees submitted to USCIS for humanitarian parole applications since April 5, 2022, broken down by country of citizenship and location of intended beneficiaries.
   (c) Aggregate data or statistics related to the total number of fee waiver requests for humanitarian parole applications filed since April 5, 2022, that were received, approved, denied, and still pending, broken down by country of citizenship and location of intended beneficiaries.
(2) Aggregate Humanitarian Parole Data for Palestinians
   (a) Same information requested in part (1) specifically for humanitarian parole applications filed on behalf of Palestinian intended beneficiaries.
      i.  Aggregate data for this part of the request should be broken down by month and year for the same time period – April 5, 2022, to the date the information is provided.
(3) USCIS Coding Rules for Palestine
   (a) All policy documents, memoranda, guidelines, directives, or standard operating procedures (SOPs) related to country of birth and citizenship coding rules for Palestinians.
(4) Documents Related to Processing Palestinian Humanitarian Parole Applications
   (a) All internal policy documents, memoranda, guidelines, directives, or standard operating procedures (SOPs) concerning the processing of humanitarian parole applications for Palestinian nationals.
   (b) All training plans, lesson plans, presentations, or other materials used to educate USCIS officers on the adjudication of humanitarian parole applications for Palestinian nationals.
   (c) All adjudication worksheets, checklists, or similar forms used by USCIS officers in the review and decision-making process for humanitarian parole applications from Palestinian nationals.

14.     In its request, AROC explained that parts (1) and (3) of the request have been disclosed by USCIS under FOIA pursuant to other requests submitted prior to April 5, 2022, and that AROC is simply seeking updated information through this request. *See id.* at Exh. A.

15. The request included a detailed explanation justifying a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k).[1] *See id.* at Exh. A.

16. On January 29, 2025, USCIS acknowledged receipt of AROC's request by email. *See id.* at Exh. B (Acknowledgment Letter from USCIS, dated Jan. 29, 2025). USCIS assigned the request the control number COW2025000662. USCIS "invoke[d] a 10 business day extension for [the] request pursuant to 5 U.S.C. § 552(a)(6)(B)" and placed the request in the "complex track." *Id.* at p. 1-2. USCIS also failed to acknowledge or decide AROC's fee waiver request.

17. On February 25, 2025, AROC mailed an administrative appeal challenging the agency's failure to adjudicate the fee waiver. *See id.* at Exh. C (Administrative Appeal, dated ). The appeal was received by USCIS's FOIA Appeals Office on February 28, 2025.

18. As of the filing of this Complaint, USCIS has failed to respond to that appeal.

19. USCIS has not communicated with AROC regarding this request since sending the acknowledgement letter.

20. USCIS has not produced any records in response to this request.

21. USCIS has made no determination, as required under FOIA, to this request.

## CAUSES OF ACTION

**Count I: Unlawful Withholding of Agency Records (5 U.S.C. § 552)**

22. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as repeated and incorporated herein.

23. Defendant USCIS has improperly failed to make a determination on AROC's request, refused to conduct a search, or to produce the requested records within the timeframe required by FOIA.

24. By failing to disclose or release the requested records, and by failing to conduct timely and adequate searches reasonably calculated to uncover responsive records, Defendant

---

[1] The request also sought expedited processing under 5 U.S.C. § 552(a)(6)(E). However, Plaintiff does not seek review of the expedited processing decision at this time.

USCIS has violated the public's right, advanced by Plaintiff, to agency records under 5 U.S.C. §§ 552 et seq., and Defendant's corresponding regulations.

### Count II: Failure to Grant a Fee Waiver (5 U.S.C. § 552)

25. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as repeated and incorporated herein.

26. AROC requested a fee waiver of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and, in the alternative, 5 U.S.C. § 552(a)(4)(A)(ii)(II), in its FOIA request.

27. AROC is entitled to a fee waiver because the requested records are likely to contribute to significantly to the public's understanding of government operations and activities and the records are not sought for commercial gain.

28. Defendant USCIS's failure to adjudicate the fee waiver within the statutory timeframe constitutes a constructive denial and violates FOIA.

29. Defendant USCIS failed to grant AROC's request for a fee waiver, thereby denying Plaintiff's right under 5 U.S.C. § 552(a)(4)(A) and Defendants' own regulations.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Order Defendant to conduct a full, adequate, and prompt search for all records responsive to AROC's FOIA request, with the cut-off date for such searches being the date the FOIA request is fulfilled;

2. Order Defendant to immediately process and release all records responsive to AROC's FOIA request;

3. Declare Defendant's failure to search for and disclose to AROC all records that are responsive to its FOIA request, as alleged above, is unlawful under FOIA;

4. Enjoin Defendant from charging AROC search, review, or duplication fees for the processing of the request;

5. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant any further relief as the Court may deem just and proper.

Dated: July 22, 2025					Respectfully submitted,


							*/s/ Lina Baroudi*
							Lina Baroudi, Cal. Bar No. 269610
							Law Office of Lina Baroudi
							2680 S. White Rd., Ste. 151
							San José, CA 95148-2079
							Telephone: (408) 300-2655
							lina@linalaw.com

							Amber Qureshi*
							Law Office of Amber Qureshi, LLC
							6925 Oakland Mills Rd, PMB #207,
							Columbia, MD 21045
							Telephone: (443) 583-4353
							amber@qureshilegal.com

							Waleed Naser*
							Naser Immigration Law, LLC
							155 N. Wacker Dr., Suite 4250
							Chicago, Illinois 60606
							Telephone: (872) 265-8490
							waleed@naserlegal.com

							* *Pro Hac Vice* application forthcoming

							*Attorneys for Plaintiff Tides Center, on behalf of its Arab Resource and Organizing Center project*

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

6