| | |
|---|---|
| Lina Baroudi, Cal. Bar No. 269610 | Waleed Naser* |
| Law Office of Lina Baroudi | Naser Immigration Law, LLC |
| 2680 S. White Rd., Ste. 151 | 155 N. Wacker Dr., Suite 4250 |
| San José, CA 95148-2079 | Chicago, Illinois 60606 |
| Telephone: (408) 300-2655 | Telephone: (872) 265-8490 |
| lina@linalaw.com | waleed@naserlegal.com |

Amber Qureshi*
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Telephone: (443) 583-4353
amber@qureshilegal.com

\* *Pro Hac Vice* application forthcoming

*Attorneys for Plaintiff Tides Center,*
*on behalf of its Arab Resource and Organizing Center project*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIDES CENTER, on behalf of its Arab Resource and Organizing Center project, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendant. | No. _____ <br><br> **DECLARATION OF AMBER QURESHI** |

I, Amber Qureshi, do hereby declare:

1. I am an attorney and owner of Law Office of Amber Qureshi, LLC. I am one of Plaintiff's counsel in the above-captioned matter. I have personal knowledge of each matter stated herein.

2. On January 27, 2025, I submitted a request under the Freedom of Information Act ("FOIA") to the United States Citizenship and Immigration Services ("USCIS") on behalf of the Arab Resource and Organizing Center ("AROC"). This request sought data and information from USCIS relating to humanitarian parole applications and USCIS's coding rules for country of citizenship/birth of Palestinians. A copy of this FOIA request is attached as <u>Exhibit A</u>.

3. On January 29, 2025, USCIS acknowledged receipt of the FOIA request via email. A copy of this acknowledgment is attached as <u>Exhibit B</u>. Since then, six months have passed without any additional correspondence from USCIS.

4. On February 25, 2025, I mailed an administrative appeal on behalf of AROC challenging the agency's failure to adjudicate the fee waiver. A copy of this appeal is attached as <u>Exhibit C</u>. I have not received any response from USCIS to this appeal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of July 2025 in Columbia, Maryland.

<i>/s/ Amber Qureshi</i><br>
Amber Qureshi<br>
Declarant

---

DECLARATION OF AMBER QURESHI

1

# Exhibit A

January 27, 2025

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010

*Sent via first.uscis.gov*

**RE:   Request Under Freedom of Information Act**
       **(Expedited Processing & Fee Waiver Requested)**

Dear Freedom of Information Officer:

Project Immigration Justice for Palestinians ("Project IJP") and Arab Resource and Organizing Center ("AROC") (jointly, "Requestors"), through counsel, submit this request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*

The Request seeks data and information from U.S. Citizenship and Immigration Services ("USCIS") relating to humanitarian parole applications and USCIS's coding rules for country of citizenship/birth of Palestinians. Requestors also seek expedited processing and a fee waiver in connection with this Request.

## I.   RECORDS REQUESTED

Requestors seek disclosure of the following records[1] prepared, received, transmitted, collected and/or maintained by USCIS **from April 5, 2022, to the date the information is provided**:

(1) <u>Aggregate Humanitarian Parole Data for All Nationalities</u>
   (a) Aggregate data or statistics related to humanitarian parole applications filed since April 5, 2022, including but not limited to data or statistics on the number of humanitarian parole applications received, approved, issued requests for evidence, denied, and still pending, broken down by country of citizenship and location of the intended beneficiary.
   (b) Aggregate data or statistics related to the total amount of filing fees submitted to USCIS for humanitarian parole applications since April 5, 2022, broken down by country of citizenship and location of intended beneficiaries.
   (c) Aggregate data or statistics related to the total number of fee waiver requests for humanitarian parole applications filed since April 5, 2022, that were received,

---

[1] For purposes of the Request, the term "records" includes but is not limited to all communications, correspondence, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, spreadsheets, charts, rules, manuals, technical specifications, training materials, and studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

1

    approved, denied, and still pending, broken down by country of citizenship and location of intended beneficiaries.

**Note: Part (1) of this Request seeks updated information that USCIS has previously disclosed pursuant to a FOIA request submitted by the American Immigration Council and International Refugee Assistance Project on March 15, 2022. (control number COW2022001403).[2] Requestors seek the same information provided through that FOIA request from April 5, 2022, to the date the information is provided.**

(2) <u>Aggregate Humanitarian Parole Data for Palestinians</u>
    (a) Same information requested above in part (1) specifically for humanitarian parole applications filed on behalf of Palestinian intended beneficiaries.
        i. Aggregate data for this part of the request should be broken down by month and year for the same time period – April 5, 2022, to the date the information is provided.

**Note: It is the Requestors' understanding that USCIS does not classify or code Palestinians' country of citizenship and location as "Palestine." Therefore, Requestors specifically seek the information requested in part (1) of the Request for humanitarian parole applications filed on behalf of Palestinians. "Palestinian" includes anyone who resides in the Occupied West Bank, Occupied East Jerusalem, or the Gaza Strip.**

(3) <u>USCIS Coding Rules for Palestine</u>
    (a) All policy documents, memoranda, guidelines, directives, or standard operating procedures (SOPs) related to country of birth and citizenship coding rules for Palestinians.

**Note: Part (3) of this Request seeks information related to records that USCIS has previously disclosed pursuant to a FOIA request submitted by the National Immigration Project of the National Lawyers Guild and the Arab-American Anti-Discrimination Committee on November 20, 2019 (control number COW2019501751). Requestors seek any updates to the "USCIS Coding Rules for Palestine" document (attached as Exhibit A) and any other policy documents, memoranda, guidelines, directives, or standard operating procedures (SOPs) related to USCIS's rules regarding coding the country of birth and citizenship for Palestinians.**

(4) <u>Documents Related to Processing Palestinian Humanitarian Parole Applications</u>
    (a) All internal policy documents, memoranda, guidelines, directives, or standard operating procedures (SOPs) concerning the processing of humanitarian parole applications for Palestinian nationals.

---

[2] The FOIA Request is available here: https://www.americanimmigrationcouncil.org/sites/default/files/foia_documents/investigating_uscis_implementation_humanitarian_parole_and_refugee_processing_afghan_nationals.pdf.

2

    (b) All training plans, lesson plans, presentations, or other materials used to educate USCIS officers on the adjudication of humanitarian parole applications for Palestinian nationals.

    (c) All adjudication worksheets, checklists, or similar forms used by USCIS officers in the review and decision-making process for humanitarian parole applications from Palestinian nationals.

## II.    FORMAT OF PRODUCTION

Requestors seek responsive electronic records in a machine-readable, native file format, with all metadata and load files. Requestors request that any data be provided in a workable format, such as Microsoft Excel or comma-separated values (CSV) files. If terms or codes are not in the form template and/or publicly defined, please provide a glossary or other descriptive records containing definitions of acronyms, numerical codes, or terms contained in data responsive to this request. Requestors request that you produce responsive materials in their entirety, including all attachments, appendices, enclosures, and/or exhibits.

For non-data files, Requestors ask that the records be provided electronically in a text searchable, static-image format (PDF), in the best image quality in the agency's possession, and that the records be provided in separate, Bates-stamped files. *See* 5 U.S.C. § 552(a)(3)(B); *Scudder v. Cent. Intelligence Agency*, 25 F. Supp. 3d 19 (D.D.C. 2014) ("When an agency already creates or converts documents in a certain format . . . requiring that it provide documents in that format to others does not impose an unnecessarily harsh burden, absent specific, compelling evidence as to significant interference or burden." (quoting *TPS, Inc. v. Dep't of Defense*, 330 F.3d 1191 (9th Cir. 2003))).

## III.    FEE WAIVER REQUEST

Project IJP and AROC request that any fees associated responding to its FOIA request be waived pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k). Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k), fees should be waived or reduced if disclosure is (1) in the public interest because it is "likely to contribute significantly to public understanding of the operations or activities of the government" and (2) "not primarily in the commercial interest of the requester." Disclosure in this case meets both of these tests.

Requestors also request a waiver or reduction of fees on the grounds that it qualifies as "representative[s] of the news media" and the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II); 6 C.F.R. § 5.11(d)(1).

###    A. *Disclosure is in the public interest as it is likely to contribute significantly to the public's understanding of the operations and activities of government.*

*First*, disclosure pursuant to this Request is in the public interest. The question relevant to fee waivers is whether the requested information is likely to contribute significantly to public understanding of the operations or activities of the government, good or bad. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003). Disclosure of the documents sought is in

3

the public interest and will contribute significantly to the public's understanding of the government's practices regarding humanitarian parole.

This Request seeks information that concerns USCIS' operations; in particular, Project IJP and AROC seek information about how the agency implements its humanitarian parole program with respect to Palestinian applicants. The requested information will shed light on USCIS operations on an area of significant public interest. There have been many reports of U.S. citizens unable to evacuate their family members from Gaza or facing significant difficulties and delays in the processing of humanitarian parole applications.[3]

The disclosure of information regarding humanitarian parole will contribute not only to Requestors' understanding of whether humanitarian parole has effectively assisted Palestinian evacuees but will also help the public at large discern whether humanitarian parole is effective. There is very little knowledge of the adjudication process for applications or the processing times related to humanitarian parole applications, or the agency's performance in adjudicating these applications. As Project IJP and other service providers work with individuals facing danger in Gaza, records to clarify why Palestinians face such significant delays in humanitarian parole and refugee processing are necessary.

### B. Disclosure is not primarily in the commercial interest of the Requestors.

*Second*, Project IJP and AROC are not filing this request to further a commercial interest. The public interest fee waiver provision "is to be liberally construed in favor of waivers for noncommercial requesters." *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987). The records requested are not sought for commercial use and Requestors plan to disseminate the information disclosed as a result of this Request to the public at no cost.

AROC is a grassroots organization working to empower and organize our community towards justice and self-determination for all. AROC is a fiscally sponsored project of the Tides Center, a 501(c)(3) nonprofit organization, and Project IJP operates under AROC.[4] Project IJP provides humanitarian immigration support and assistance to Palestinians in the United States and abroad by receiving case inquiries from Palestinian families and matching them with pro bono immigration attorneys. Requestors therefore have no commercial interest in the present request.

Requestors intend to make the information obtained through this FOIA available to the public.[5] Specifically, Requestors will make the information available to its audience, which includes

---

[3] *See* Margaret Brennan, "How a group of veterans helped a U.S. service member's mother get out of war-torn Gaza," CBS News (May 12, 2024), https://www.cbsnews.com/news/gaza-zahra-skaik-escape-israel-son-american-army-specialist/; Hamed Aleaziz, "Americans Raced to Get Their Families Out of Gaza. Then the Border Slammed Shut.," N.Y. Times (May 29, 2024), https://www.nytimes.com/2024/05/29/us/politics/gaza-relatives-escape.html; Democracy Now!, "Palestinian American Woman Tries to Save Family in Gaza After Her Mom Dies Awaiting Evacuation" (Dec. 19, 2023), https://democracynow.org/2023/12/19/escape_from_gaza; Shirin Ali, "She's American. Her Husband Has Been Trapped in Gaza for the Past Year. This Is Their Story." Slate (Oct. 1, 2024), https://slate.com/news-and-politics/2024/10/israel-gaza-news-americans-still-trapped-in-the-war.html.
[4] *See* AROC, *About Us,* https://www.araborganizing.org/about/; AROC, *Project IJP*, https://www.araborganizing.org/page/immigration/; Tides Center, *AROC*, https://www.tides.org/partner/arab-resource-organizing-center-aroc/.
[5] *See* 6 C.F.R. § 5.11(k)(1)(ii); 6 C.F.R. § 5.11(k)(3).

other tax-exempt organizations, non-profit groups, lawyers, law students, refugees, and other displaced people, free of charge. Requestors have held community forums and publicized information about government programs, including immigration processes available to Palestinians.[6] Moreover, Project IJP has been quoted in several media articles about Palestinian humanitarian parole cases and Requestors intend to provide information obtained through this FOIA to representatives of the news media.[7]

### IV.   REQUEST FOR EXPEDITED PROCESSING

Requestors request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e)(1). There is a "compelling need" for these records because the information requested is "urgen[tly]" needed by an organization primarily engaged in disseminating information "to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C § 552(a)(6)(E)(v)(II).

In particular, there is an urgent need to inform the public and service providers about the records subject to this request, as they would shed light on the government's humanitarian parole processing capabilities. Humanitarian parole provides much-needed humanitarian relief to individuals seeking safety in urgent crises, such as the ongoing humanitarian catastrophe in Gaza. Since October 7, 2023, Palestinians who have applied for humanitarian parole have faced life-threatening danger under the Israeli government's campaign of ethnic cleansing and genocide in Gaza.[8]

Yet, Palestinian evacuees face significant delays in processing their applications for humanitarian parole, stymying their ability to access protection. There is widespread media attention and strong ongoing public interest surrounding the inability of Palestinians seeking relief through humanitarian parole.[9] Those applying for humanitarian parole, the public, and service providers urgently need information about guidance related to processing humanitarian parole applications, delays associated with those applications, and fee waiver processing.

As explained above, Requestors are "primarily engaged in disseminating information" within the meaning of the FOIA. 5 U.S.C. § 552(a)(6)(E)(v)(II). *See also* 6 C.F.R. § 5.5(e)(1)(ii).[10]

---

[6] *See e.g.*, Project IJP, AROC, https://araborganizing.org/page/immigration/; Community Forum – Project IJP, YouTube (Dec. 22, 2023), https://www.youtube.com/watch?v=iRm3owoKXwk; Community Forum: Palestinians and DED, Project IJP, YouTube (Feb. 28, 2024), https://www.youtube.com/watch?v=9REX2igtJVQ.

[7] *See* Isabeau Doucet, "Palestinians seeking US refuge face a Kafkaesque nightmare. Trump could make it even worse," Guardian (Dec. 17, 2024), https://www.theguardian.com/us-news/2024/dec/17/palestinians-gaza-immigration-system; WORT, "Seeking Asylum: Efforts to Support Refugees" (May 17, 2024), https://www.wortfm.org/seeking-asylum-efforts-to-support-refugees/; María Inés Taracena, "Palestinians in the U.S. race to evacuate families from Gaza," Prism (Feb. 28, 2024), https://prismreports.org/2024/02/28/palestinians-race-evacuate-families/;

[8] *See* Amnesty International, "Amnesty International investigation concludes Israel is committing genocide against Palestinians in Gaza" (Dec. 5, 2024), https://www.amnesty.org/en/latest/news/2024/12/amnesty-international-concludes-israel-is-committing-genocide-against-palestinians-in-gaza/; Doctors Without Borders, "Gaza death trap: MSF report exposes Israel's campaign of total destruction," (Dec. 19. 2024), https://www.doctorswithoutborders.org/latest/gaza-death-trap-msf-report-exposes-israels-campaign-total-destruction.

[9] *See supra* notes 3, 7.

[10] *See supra* note 6.

5

Requestors intend to analyze, publish, and disseminate to the public information gathered through this Request. The records requested are not sought for commercial use, and the Requestors plan to disseminate the information disclosed as a result of this Request to the public at no cost.

Given the foregoing, the Request satisfies the requirements for expedited processing. Pursuant to applicable statutes and regulations, Requestors expect a determination regarding expedited processing within 10 days. *See* 5 U.S.C. § 552(a)(6)(E)(ii); 6 C.F.R. § 5.5(e)(4).

I hereby certify that the foregoing is true and correct to the best of my knowledge and belief.

\*\*\*

If this FOIA request is denied in whole or in part, please provide the reasons for the denial, pursuant to 5 U.S.C. § 552(a)(6)(A)(i). In addition, please release all segregable portions of otherwise exempt material in accordance with 5 U.S.C. § 552(b). Should any portion of this request be unduly burdensome, Requestors are open to narrowing the request.

Thank you for your consideration of this request. Please provide the requested records to:

> Amber Qureshi
> Law Office of Amber Qureshi, LLC
> 6925 Oakland Mills Rd, PMB #207,
> Columbia, MD 21045
> Email (preferred): amber@qureshilegal.com

Please notify us in advance if the cost of producing the documents requested exceeds $50.00. If you have any questions regarding this request, please contact Amber Qureshi at (443) 583-4353 or amber@qureshilegal.com.

> Sincerely,
>
> Amria Ahmed
> Project Immigration Justice for Palestinians &
> Arab Resource and Organizing Center
>
> *By their counsel:*
>
> /s/ Amber Qureshi
> Law Office of Amber Qureshi, LLC
> 6925 Oakland Mills Rd, PMB #207,
> Columbia, MD 21045
> Tel: (443) 583-4353
> amber@qureshilegal.com
>
> /s/ Waleed Naser
> Naser Immigration Law, LLC

Tennessee BPR # 037970
155 N. Wacker Dr. Suite 4250
Chicago, IL 60606
Tel: (872) 265-8490
waleed@naserlegal.com

7

# Exhibit A

## USCIS Coding Rules for Palestine

Although Palestine is not currently recognized as a country by the Office of the Geographer, U.S. Department of State (DOS), USCIS will allow Palestine as a country of birth (and country of citizenship) for persons born before 1948. This guideline is consistent with the rules used by the DOS to categorize place of birth in U.S. Passports. Palestine is not allowed for country of chargeability and country of last residence.

- Palestine is a valid country of birth for persons born in Palestine before 1948, but if born in 1948 or later, use column 3 in the following chart to determine the country of birth.
- If a foreign national states that their country of citizenship is Palestine, allow Palestine only for those born before 1948. If born in 1948 or later use column 3 in the chart to determine the country of citizenship.
- Palestine is not a valid country of chargeability or country of last residence regardless of year of birth. Use column 4 in the chart to determine the country of chargeability and last residence.
- USCIS uses this table in any immigration document where the country of birth or citizenship is annotated including, Lawful Permanent Resident Card, I-551, Employment Authorization, I-766, and certificates of naturalization and citizenship.

| Area or Country | Country of Birth and Citizenship Coding Rules[1] | | Country of Chargeability and Last Residence Coding Rules |
|---|---|---|---|
| | If born before 1948 (column 2) | If born in 1948 or later (column 3) | All years of birth (column 4) |
| Gaza Strip | PALESTINE | EGYPT | EGYPT |
| Golan Heights | SYRIA | SYRIA | SYRIA |
| Israel | PALESTINE | ISRAEL | ISRAEL |
| Jerusalem | PALESTINE (if born in an area which was later annexed by Jerusalem) | JORDAN (if born in East Jerusalem)<br><br>ISRAEL (if born in West Jerusalem) | JORDAN (if East Jerusalem)<br><br>ISRAEL (if West Jerusalem) |
| Palestine | Determine country of birth and citizenship using rules listed in this chart for Israel, Jerusalem, and occupied territories of the Gaza Strip, Golan Heights, and West Bank. | | Determine country of chargeability and last residence using rules listed in this chart for Israel, Jerusalem, and occupied territories of the Gaza Strip, Golan Heights, and West Bank. |
| Sinai Peninsula | EGYPT | EGYPT | EGYPT |
| West Bank | PALESTINE | JORDAN | JORDAN |

---

[1] Unless, the foreign national has otherwise naturalized in another country of area.

# Exhibit B



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship and Immigration Services**

Control Number: COW2025000662

January 29, 2025

Amber Qureshi
6925 Oakland Mills Rd, PMB #207
Columbia, MD 21045

Dear Amber Qureshi:

We received your request for information on January 27, 2025. Your request asked for:

"Data and information from U.S. Citizenship and Immigration Services ("USCIS") relating to humanitarian parole applications and USCIS's coding rules for country of citizenship/birth of Palestinians. See attached for more details."

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: COW2025000662. Please cite this number in all future correspondence about your request.

We respond to requests on a first-in, first-out basis and on a multi-track system. Your request has been placed in the complex track (Track 2).

Based on the information you provided, we have determined that expedited processing of your request is not warranted. The Department of Homeland Security Freedom of Information Act regulation at 6 C.F.R. § 5.5(e)(1) requires that you demonstrate that your request warrants expedited treatment because it involves:

> (i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;
> (ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information;
> (iii) The loss of substantial due process rights; or
> (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

Additionally, 6 C.F.R. § 5.5(e)(3) requires that a requester who seeks expedited processing must submit a statement, certified to be true and correct, explaining in detail the basis for making the request for expedited processing. Furthermore, requests for expedited processing that are based on paragraph (e)(1)(iv) of this section must be submitted to the Senior Director of FOIA Operations, the Privacy Office, U.S. Department of Homeland Security, 245 Murray Lane SW STOP-0655, Washington, D.C. 20598-0655. If you can demonstrate any further showing as to the nature and degree of (i), (ii), or (iii) of the above categories, please submit this additional information to this office for reconsideration.

You have the right to file an administrative appeal within 90 days of the date of this letter.  By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal by mail to USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute

www.uscis.gov

COW2025000662
Page 2

without going through the appeals process, you may contact our USCIS FOIA Public Liaison at U.S. Citizenship and Immigration Services, National Records Center, FOIA/PA Office, P.O. Box 648010, Lee's Summit, MO 64064-8010, or by email at FOIAPAQuestions@uscis.dhs.gov.

A USCIS FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. USCIS FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency, and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our USCIS FOIA Public Liaison, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; email ogis@nara.gov; telephone 202-741-5770; toll free 877-684-6448; or facsimile 202-741-5769.

Consistent with 6 C.F.R. § 5.5(a) of the Department of Homeland Security (DHS) FOIA regulations, USCIS processes FOIA requests according to their order of receipt. Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10 business day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10 business day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B). Please contact our office if you would like to limit the scope of your request or to agree on a different timetable for the processing of your request. We will make every effort to comply with your request in a timely manner.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

The National Records Center (NRC) has the responsibility to ensure that personally identifiable information (PII) pertaining to U.S. Citizenship and Immigration Services (USCIS) clients is protected. In our efforts to safeguard this information, we may request that additional information be provided to facilitate and correctly identify records responsive to your request. Though submission of this information is voluntary, without this information, your request may be delayed while additional steps are taken to ensure the correct responsive records are located and processed. Further, if we are unable to positively identify the subject of the record we may be unable to provide records responsive to your FOIA request.

How to Check the Status of Your Request

You may check the status of your FOIA request online at first.uscis.gov/#/check-status. If you have any questions concerning your pending FOIA/PA request, or to check the status of a pending application or petition, please call the USCIS Contact Center at 800-375-5283 (TTY 800-767-1833).

How to Submit Questions or Changes

COW2025000662
Page 3


Questions concerning this FOIA/PA request may be mailed to U.S. Citizenship and Immigration Services, National Records Center, FOIA/PA Office, P.O. Box 648010, Lee's Summit, MO 64064-8010 or emailed to FOIAPAQuestions@uscis.dhs.gov. All FOIA/PA related requests, including address changes must be submitted in writing, and signed by the requester. Please include the control number listed above on all correspondence. For more information regarding the USCIS FOIA Program, please visit the USCIS website at www.uscis.gov/FOIA.


Sincerely,

James A Baxley
Chief FOIA Officer
Freedom of Information Act & Privacy Act Unit

# Exhibit C

February 25, 2025

USCIS FOIA/PA Appeals Office
150 Space Center Loop, Suite 500,
Lee's Summit, MO 64064-2139

### Re: Freedom of Information Act Appeal (COW2025000662)

Dear Freedom of Information Act Appeals Officer:

This letter constitutes an appeal pursuant to the Freedom of Information Act ("FOIA") of USCIS's denial of a fee waiver and expedited processing of the FOIA request number COW2025000662.

The request was submitted by the Project Immigration Justice for Palestinians ("Project IJP") and Arab Resource and Organizing Center ("AROC") (jointly, "the Requestors") on January 27, 2025 through the USCIS FIRST portal. The request sought specific data and information from USCIS relating to humanitarian parole applications and USCIS's coding rules for country of citizenship/birth of Palestinians. *See* Exhibit A.

On January 29, 2025, USCIS responded to the FOIA request assigning it the following control number: COW2025000662. In its correspondence, USCIS did not acknowledge or respond to the request for a fee waiver. USCIS also denied the request for expedited processing. *See* Exhibit B.

The Requestors write to appeal USCIS's failure to make a determination as to the fee waiver and its determination regarding expedited processing.

### I. Requestors are entitled to a fee waiver

In the FOIA request, Requestors sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k). Requestors explained in detail why they qualify for a fee waiver because the disclosure of the information is (1) in the public interest because it is "likely to contribute significantly to public understanding of the operations or activities of the government" and (2) "not primarily in the commercial interest of the requester." Exhibit A at 3–5.

In its letter dated January 29, 2025, USCIS failed to acknowledge the request for a fee waiver and instead stated that "[i]n accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00." Exhibit B at 2.

As a threshold matter, USCIS's letter erroneously cites to 6 C.F.R. § 5.3(c), which is inapplicable to fee waivers. *See* 6 C.F.R. § 5.3(c) (referring to requests that do not "adequately describe the records sought"). To the extent USCIS may have been referring to 6 C.F.R. § 5.11(c), which describes charges for requests "unless a waiver or reduction of fees has been granted," USCIS was still required to make a determination as to the fee waiver request, which it failed to do.

1

The Requesters clearly laid out the need for a fee waiver under both categories delineated in 6 C.F.R. § 5.11(k)(1) – (1) the disclosure of the records sought is in the public interest and will contribute significantly to the public's understanding of the government's practices regarding humanitarian parole for Palestinian applicants; and (2) Requestors did not file the request to further a commercial interest. *See* Exhibit A at 3–5. Therefore, the Requestors should be granted a fee waiver or reduction of fees pursuant to the statute and DHS regulations. At a minimum, the request for a fee waiver should be remanded to the FOIA office for adjudication.

## II.     Requestors are entitled to expedited processing

The request also sought expedited processing under 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e)(1). The Requestors sufficiently demonstrated the need for expedited processing because there is an "urgency to inform the public about an actual or alleged federal government activity" and the request is "made by a person who is primarily engaged in disseminating information." *See* Exhibit A at 5–6. The Requestors also certified that the information provided in support of the expedited processing request was true and correct to the best of their knowledge. *See* Exhibit A at 6. In its January 29 letter, USCIS claimed that expedited processing of the request was not warranted. Exhibit B at 1.

As detailed in the request, the records requested are of urgent public concern and satisfy the requirements for expedited processing under the statute and implementing regulations. USCIS's denial of the request for expedited processing does not engage at all with the reasons provided in the request, which amply demonstrate the need for expedited processing.

First, the records are urgently needed to inform the public about data regarding humanitarian parole and processing of Palestinian humanitarian parole applications. Despite widespread media attention and ongoing public interest on these issues, there is very little information regarding processing humanitarian parole applications, delays associated with those applications, and fee waivers – particularly for applicants from Palestine. *See* Exhibit A at 5–6. Since the filing of the request, the need for this information has only gotten more urgent. In recent days, President Trump has repeatedly stated his intention to "owning" and "taking" Gaza and ethnically cleansing the Palestinian population there.[1] Meanwhile, Israeli attacks in the occupied West Bank continue to escalate, forcing over 40,000 people to be displaced since late January.[2] Individuals from Palestine who have humanitarian parole applications pending – who are seeking urgently needed relief in the midst of an ongoing humanitarian catastrophe – as well as the broader public have an exigent need for the requested information.

---

[1] Jeff Mason, "Trump wants US to own Gaza, could let Middle East states help rebuild," Reuters (Feb. 10, 2025), https://www.reuters.com/world/trump-meet-with-leaders-saudi-arabia-egypt-israeli-president-says-2025-02-09/; Michelle Nichols, "United Nations chief warns Trump against ethnic cleansing in Gaza," Reuters (Feb. 5, 2025), https://www.reuters.com/world/middle-east/un-chief-say-its-essential-ethnic-cleansing-be-avoided-gaza-says-spokesperson-2025-02-05/.

[2] *See e.g.,* "Israeli offensive on occupied West Bank forcibly displaced 40,000: UN," Al Jazeera (Feb. 11, 2025), https://www.aljazeera.com/news/2025/2/11/israeli-offensive-on-occupied-west-bank-forcibly-displaced-40000-un; Qassam Muaddi, "Israel's offensive in the West Bank is the second act of the Gaza genocide," Mondoweiss (Feb. 12, 2025), https://mondoweiss.net/2025/02/israels-offensive-in-the-west-bank-is-the-second-act-of-the-gaza-genocide/.

Second, Requestors have sufficiently demonstrated that they are "primarily engaged in disseminating information" within the meaning of the FOIA. Requestors have already publicized information about immigration processes, including humanitarian parole, available to Palestinians. They intend to make any information obtained through this request available to the public at no cost. *See* Exhibit A at 5–6.

*\*\**

Therefore, Requestors should be granted a fee waiver and expedited processing of their request. We look forward to your response of this administrative appeal within 20 working days after receipt. *See* 5 U.S.C. § 552(a)(6)(A)(ii); 6 C.F.R. § 5.8(d); 6 C.F.R. § 5.5(e)(4).

If you have any questions regarding this appeal or need further information, please contact counsel for the Requestors, Amber Qureshi at (443) 583-4353 or amber@qureshilegal.com and Waleed Naser at (872) 265-8490 or waleed@naserlegal.com.

Thank you for your prompt attention to this matter.

Sincerely,

Amria Ahmed
Project Immigration Justice for Palestinians &
Arab Resource and Organizing Center

*By their counsel:*

*/s/ Amber Qureshi*
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Tel: (443) 583-4353
amber@qureshilegal.com

*/s/ Waleed Naser*
Naser Immigration Law, LLC
Tennessee BPR # 037970
155 N. Wacker Dr. Suite 4250
Chicago, IL 60606
Tel: (872) 265-8490
waleed@naserlegal.com