CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
SARAH E. BALKISSOON (CABN 327066)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-6474
  Facsimile: (415) 436-6748
  sarah.balkissoon@usdoj.gov

Attorneys for Defendant

Lina Baroudi, Cal. Bar No. 269610
Law Office of Lina Baroudi
2680 S. White Rd., Ste. 151
San José, CA 95148-2079
Telephone: (408) 300-2655
lina@linalaw.com

Waleed Naser*
Naser Immigration Law, LLC
155 N. Wacker Dr., Suite 4250
Chicago, Illinois 60606
Telephone: (872) 265-8490
waleed@naserlegal.com

Amber Qureshi*
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Telephone: (443) 583-4353
amber@qureshilegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TIDES CENTER, on behalf of its Arab
Resource and Organizing Center Project,

    Plaintiff,

  v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

    Defendant.

Case No. 3:25-cv-06149-SI

**JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER**

Case Management Conference
Date: Friday, February 6, 2026
Time: 12:00 p.m.
Judge: Hon. Susan Illston

JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
NO. 3:25-cv-06149-SI                    1

The parties in the above-captioned action submit this Joint Case Management Statement for the Initial Case Management Conference currently set for February 6, 2026, at 12:00 pm. The parties respectfully request that the Court continue the case management conference to March 6, 2026, at 2:30 pm to allow the parties to continue to meet and confer regarding outstanding issues.

**1. Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue, or service. Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served.

**2. Facts**

This case pertains to a FOIA request submitted by the Arab Resource and Organizing Center ("AROC"), a fiscally sponsored project of Plaintiff Tides Center, to Defendant United States Citizenship and Immigration Services ("USCIS") on January 27, 2025. The request sought aggregate data and policies related to humanitarian parole applications, particularly as they pertain to Palestinians, as well as USCIS's coding practices for Palestinian country of citizenship and/or birth. ECF No. 4 ¶¶ 12–14. As of the filing of the Complaint on July 22, 2025, USCIS had not produced any records in response to the request. *Id*. ¶ 19. In its Complaint, Plaintiff alleges that Defendant failed to adequately search for and promptly release responsive records and failed to grant Plaintiff's request for a fee waiver. *Id*. ¶¶ 22–29.

The undersigned counsels have been conferring regarding Plaintiff's FOIA request. Defendant USCIS produced documents to Plaintiff on November 24, 2025, which Plaintiff received on November 26, 2025, consisting of 36 pages and 2 Excel spreadsheets. USCIS has sent 5 additional pages for consultation to the Department of Homeland Security Privacy Office.

On December 12, 2025, Plaintiff sent Defendant a letter explaining its concerns with the production. Defendant responded to Plaintiff's letter on January 16, 2026, and Defendant will provide further responses prior to the next case management conference. The parties are committed to continuing to work cooperatively and continuing to discuss a possible resolution of the case without the need for further litigation.

**3. Legal Issues**

Although production is ongoing, Plaintiff believes the Court may be called upon to resolve the

following legal issues: (1) whether Defendant has responded adequately to Plaintiff's FOIA request, (2) whether Defendant has improperly withheld materials based on claimed FOIA exemptions, *see* 5 U.S.C. §§ 552(b)(1)-(9), and (3) whether and in what amount Plaintiff is entitled to an award of attorneys' fees and other litigation costs, *see id*. § 552(a)(4)(E)(i).

Defendant disputes Plaintiff's claims and submits that additional legal issues may include whether any of the affirmative defenses in Defendant's answer (Dkt. No. 17) bar any of Plaintiff's legal claims.

The parties will attempt to resolve any future legal issues in good faith. The parties may nonetheless call on the Court to resolve these issues should they arise.

### 4. Motions

There are no prior or pending motions. Although production of responsive documents is still pending, to the extent that informal discussions between the parties after production do not resolve the entire case, the parties anticipate that this matter can be resolved on cross-motions for summary judgment. At this time, the parties submit that scheduling any such motion is premature. The parties are working in good faith to resolve the claims and issues in this action as they arise.

### 5. Amendments to the Pleadings

The parties do not currently plan on amending their pleadings to add or dismiss any claims or defenses.

### 6. Evidence Preservation

The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

### 7. Disclosures

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which no such exchange of information is needed.

### 8. Discovery

To date, no discovery has been taken by any party, and the parties agree that discovery is not needed in this case. The parties note that discovery is generally not needed in FOIA actions. *See Lane v.*

JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
NO. 3:25-cv-06149-SI                                  3

*Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Lawyers' Comm. for Civil Rights v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1130 (N.D. Cal. 2008).

**9.  Class Actions**

This case is not a class action.

**10. Related Cases**

The parties are unaware of any related cases.

**11. Relief**

Plaintiff seeks declaratory and injunctive relief with respect to the documents responsive to its FOIA request. Plaintiff's prayer for relief asks this Court to (1) order Defendant to conduct a full, adequate, and prompt search for all records responsive to the FOIA request, with the cut-off date for such searches being the date the FOIA request is fulfilled; (2) order Defendant to immediately process and release all records responsive to the FOIA request; (3) declare Defendant's failure to search for and disclose all records that are responsive to the request is unlawful under FOIA; (4) enjoin Defendant from charging search, review, or duplication fees for the processing of the request; (5) award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (6) grant any further relief as the Court may deem just and proper. ECF No. 4 at 5.

Defendant denies that Plaintiff is entitled to any relief.

**12. Settlement and ADR**

The parties believe that settlement conversations are premature at this time. The parties have met and conferred regarding the scope of Plaintiff's FOIA request and will continue to do so as necessary with the goal of informally resolving any disputes that arise between the parties. The parties will confer as to costs and fees when Defendant's production of documents is complete.

**13. Other References**

None.

**14. Narrowing of Issues**

The parties will meet and confer to explore narrowing issues regarding production in this case as needed.

**15. Scheduling**

The parties are working in good faith to resolve the claims and issues in this action. The parties respectfully submit that full scheduling of this case, including discovery, motion practice, and trial, is not feasible at this time as the parties are continuing to meet and confer regarding Defendant's production of documents. To the extent any issues remain after the meet and confer process is exhausted, the parties anticipate that this matter can ultimately be resolved on summary judgment.

**16. Trial**

The parties anticipate that this entire case will be resolved through the meet and confer process or on summary judgment with the need for trial.

**17. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff has filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. ECF No. 5. Plaintiff does not have any non-party interested entities or persons to disclose.

As a governmental entity or agency, Defendant is exempt from the disclosure requirement of Civil Local Rule 3-15.

**18. Professional Conduct**

All parties' counsels have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:  January 30, 2026                    Respectfully submitted,[1]


CRAIG H. MISSAKIAN
United States Attorney

*/s/ Sarah E. Balkissoon*
SARAH E. BALKISSOON
Assistant United States Attorney


Attorneys for Defendant

---

[1] In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.

JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
NO. 3:25-cv-06149-SI                    5

DATED: January 30, 2026

*/s/ Amber Qureshi*
AMBER QURESHI
Amber Qureshi
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Road, PMB #207
Columbia, MD 21045
(443) 583-4353
Email: amber@qureshilegal.com

Lina Baroudi
Law Office of Lina Baroudi
2680 S. White Road, Suite 151
San Jose, CA 95148
(408) 300-2655
Email: lina@linalaw.com

Waleed Naser
Naser Immigration Law, LLC
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
(615) 753-3974
Email: waleed@naserlegal.com


Attorneys for Plaintiff

**[PROPOSED] ORDER**

For good cause shown, the Initial Case Management Conference is hereby continued to March 6, 2026, at 2:30 pm.

IT IS SO ORDERED.

DATED:

_____
HONORABLE SUSAN ILLSTON