CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division

SARAH E. BALKISSOON (CABN 327066)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6474
FAX: (415) 436-6748
sarah.balkissoon@usdoj.gov

Attorneys for Defendant

Lina Baroudi, Cal. Bar No. 269610
Law Office of Lina Baroudi
2680 S. White Rd., Ste. 151
San José, CA 95148-2079
Telephone: (408) 300-2655
lina@linalaw.com

Waleed Naser*
Naser Immigration Law, LLC
155 N. Wacker Dr., Suite 4250
Chicago, Illinois 60606
Telephone: (872) 265-8490
waleed@naserlegal.com

Amber Qureshi*
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
Telephone: (443) 583-4353
amber@qureshilegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TIDES CENTER, on behalf of its Arab Resource and Organizing Center Project<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>Defendant. | Case No. 3:25-cv-06149-SI<br><br>**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |

IT IS HEREBY AGREED by and between the undersigned Plaintiff and Defendant (together, the "Parties"), as follows:

1. **Settlement Amount**. Defendant agrees to pay Plaintiff a total sum of $5,000.00 (five thousand dollars and zero cents) to Plaintiff in full and complete satisfaction of Plaintiff's claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in the above-captioned matter. This payment shall constitute full and final satisfaction of any and all of Plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest. Payment of this money will be made by electronic funds transfer after receipt of necessary information from Plaintiff in order to effectuate the payment. Defendant will begin processing payment promptly once the Settlement Agreement is executed by all the signatories, Defendant receives the signed Stipulation of Dismissal, and Plaintiff provides all necessary information in order to effectuate payment.

2. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Agreement, Plaintiff hereby releases and forever discharges Defendant, its successors, the United States of America (the "United States"), and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation, or which hereafter could be asserted, with respect to or arising out of the specific FOIA request on which this action is based, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

3. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights Plaintiff may

have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by Plaintiff to be true, this Settlement Agreement shall be and remain effective notwithstanding such material difference.

4. **Dismissal**. In consideration of the payment specified in paragraph 1 and the other terms of this Settlement Agreement, simultaneously with Plaintiff's execution of this Agreement, Plaintiff agrees to execute a Stipulation of Dismissal and deliver the signed version of the Stipulation of Dismissal to Defendant's counsel. The Stipulation of Dismissal shall jointly stipulate that the above-captioned action is dismissed in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each side bearing its own costs, expenses, and fees, except as set forth in this Settlement Agreement. Either party shall have the right to file the Stipulation of Dismissal with the Court upon the receipt by Plaintiff's attorney of the payment specified in paragraph 1.

5. **No Admission of Liability**. The Parties acknowledge that this Settlement Agreement is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission of liability or fault on the part of Defendant, the United States, or any of their past and present officials, agents, employees, or attorneys regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim, raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiff's eligibility for or entitlement to attorneys' fees, costs, or other litigation expenses under the FOIA. This Settlement Agreement shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendant.

6. **Severability**. If any provision of this Settlement Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

7. **Integration**. This instrument shall constitute the entire Agreement between the Parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily

entered into by the Parties. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all the Parties or their authorized representatives.

8. **<u>Authority</u>**. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Settlement Agreement.

9. **<u>Choice of Law</u>**. This Agreement is governed by the laws of the United States.

10. **<u>Construction</u>**. Each party hereby agrees that it has participated in the preparation of this Settlement Agreement, had the opportunity to seek counsel regarding the contents of this Settlement Agreement, is fully aware of and understands all the terms of the Settlement Agreement and the legal consequences thereof, and enters into this Settlement Agreement knowingly and voluntarily. For purposes of construction, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

11. **<u>Execution in Counterparts</u>**. It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

DATED: 11/12/26

_*/s/ Amber Qureshi*___________________
AMBER QURESHI
Plaintiff's Attorney

CRAIG H. MISSAKIAN
United States Attorney

DATED: 11/12/26

By: */s/ Sarah E. Balkissoon*________________
SARAH E. BALKISSOON
Assistant United States Attorney
Attorney for Defendant